UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERRID DOAKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:07-cv-0428-DFH-JMS |
| MICHAEL K. HORN, individually and in ) | |
| his official capacity as a police officer for ) | |
| the Indianapolis Metropolitan Police ) | |
| Department, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Gerrid Doaks has sued Indianapolis Metropolitan Police Department Officer Michael Horn under 42 U.S.C. § 1983 alleging a violation of the Fourth Amendment. Both sides have moved for summary judgment. On June 1, 2006, Officer Horn pulled Doaks over for not using his turn signal before changing lanes to pass another car. As he approached Doaks' car, Officer Horn observed Doaks fumbling with the console in the car's front seat. Officer Horn reported that this observation prompted him to call for back-up, but he walked up to Doaks' driver's side window without waiting for another officer to arrive. Doaks had his license ready to give to Horn. At Horn's request, Doaks got out of his car and consented to a frisk that revealed no weapons or contraband. After the frisk, and based solely on the observation of Doaks' movement around the console, Horn

searched the console without a warrant. He found a small bag of marijuana. Horn arrested Doaks for possessing marijuana.

A state court judge suppressed the evidence of the marijuana and dismissed the criminal case. This civil case followed. The undisputed facts here show that plaintiff Doaks is entitled to summary judgment as to liability and that Officer Horn is not entitled to qualified immunity. The law under the Fourth Amendment prohibiting officers from searching a car without a warrant on such a thin basis has been clearly established for decades. Based on the facts presented here, it is at least possible that a reasonable jury could also award punitive damages. The court grants Doaks' motion for summary judgment as to liability and denies Officer Horn's motion for summary judgment in all respects.

*Summary Judgment Standard*

Summary judgment must be granted if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is material if resolving the factual issue might change the suit's outcome under the governing law. *Id.* The motion should be granted only if no

rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249.

When ruling on the motion, the court must view all the evidence in the record in the light most favorable to the non-moving party and must resolve all factual disputes in the non-moving party's favor. See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

The same standard applies where both sides have filed motions for summary judgment. The court considers each motion independently and will deny both motions if genuine issues of material fact exist. See generally *Employers Mutual Casualty Co. v. Skoutaris*, 453 F.3d 915, 923 (7th Cir. 2006). When evaluating plaintiff Doaks' motion for partial summary judgment, the court resolves all evidentiary conflicts and draws all reasonable inferences in favor of defendant Horn. As explained below, that analysis shows that Officer Horn violated Doaks' clearly established Fourth Amendment rights. The court therefore does not address separately Horn's motion for summary judgment on the merits.

*Facts for Summary Judgment*

The material facts here are not in dispute. On the morning of June 1, 2006, plaintiff Gerrid Doaks, a thirty-five year old black man, was driving his white Pontiac north on Richardt Avenue in Indianapolis. Just south of the intersection of Richardt Avenue and 38th Street, defendant Officer Michael Horn with the Indianapolis Metropolitan Police Department (at that time, the Indianapolis Police Department) began driving behind Doaks. Doaks and Horn both turned right and headed east on 38th Street. Doaks was traveling in the right-hand lane. Shortly after turning onto 38th Street, he decided to pass a car in front of him. He moved into the left-hand lane without using his turn signal. After passing the car, Doaks moved back into the right-hand lane.[1]

Shortly after Doaks passed the other car, Officer Horn pulled behind Doaks and activated his lights and siren. Doaks immediately pulled into a convenience store parking lot. According to Officer Horn, as he approached Doaks' car, he saw Doaks opening or closing the console in between the front seats. Horn reported that based on his training and experience, "movements like that normally indicate that they're either retrieving something that may hurt me or they're hiding

---

[1] According to Officer Horn's testimony at the state court suppression hearing, Doaks used his turn signal when moving back into the right-hand lane. Def. Ex. B at 5. In his deposition in this case, Officer Horn testified that Doaks did not use his turn signal when moving back into the right-hand lane. Horn Dep. 24. That discrepancy is not material to Doaks' motion for summary judgment, but for purposes of that motion, the court assumes Officer Horn was correct in his deposition.

something that is illegal." Def. Ex. B at 14. He called for back-up. Without waiting for the back-up, however, Horn walked up to the driver's side window. Doaks had his driver's license out and gave it to Officer Horn for inspection.

By that time, the back-up officer, Christopher Edwards, had arrived. Officer Horn asked Doaks to step out of his car, which he did. At the back of Doaks' car, Officer Horn frisked Doaks and found no weapons or contraband. At that point, at the back of the car, Doaks was not within reach of anything inside the car. Horn Dep. 30-31. Officer Horn had not arrested Doaks. *Id.* at 31. While Doaks remained at the back of the car with Officer Edwards, Officer Horn entered the driver's side of the car, opened up the console, and found a bag containing about four joints worth of marijuana. He arrested Doaks for possessing marijuana. Doaks remained in custody for about eleven hours.

Doaks had been working two jobs in June 2006. Because of the arrest, he lost both of them. In the state criminal case, the trial judge granted Doaks' motion to suppress, finding that it was reasonable to frisk Doaks for safety purposes but that the later search of the console in the car was not justified. Def. Ex. B at 18. The charges were dismissed. On April 5, 2007, Doaks sued Officer Horn, alleging that the search of the car violated his federal and state constitutional rights. Both sides moved for summary judgment. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

*Discussion*

I.  *Search of the Console*

The parties have addressed the issue in terms of whether Officer Horn had probable cause to arrest Doaks. Whether Officer Horn properly arrested Doaks depends on whether he had a legitimate basis for searching the console where he found the marijuana that could support the arrest. The issue is the legality of Officer Horn's search of the console: "it is settled for purposes of the Amendment that 'except in certain carefully defined classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant.'" *Mancusi v. DeForte*, 392 U.S. 364, 370 (1968), quoting *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 528-29 (1967). Four exceptions to this general rule can allow an officer to search a person's car without a warrant.

First, under the general "automobile exception," an officer may search a person's car, including containers, without a warrant if the officer has probable cause to believe that the car contains contraband. See *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999) (reiterating that there is no exigency requirement to this exception so long as an officer has probable cause to believe the car contains contraband); *California v. Acevedo*, 500 U.S. 565, 580 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.").

-6-

Second, an officer may search the passenger compartment of a car, including areas where a weapon might be hidden, if the officer has "a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1049-51 (1983) (internal quotation marks omitted) (finding that search of passenger compartment was permissible because the officers had a reasonable, articulable suspicion of danger where the driver had been speeding, drove his car into a ditch, appeared intoxicated, and the officers saw a large knife in the car).

Third, an officer may search the passenger compartment of a car, including containers, when the officer arrests the car's occupant. See *Thornton v. United States*, 541 U.S. 615, 623 (2004) ("Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment."); *New York v. Belton*, 453 U.S. 454, 460 (1981) ("It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.").[2]

---

[2]In *Arizona v. Gant*, 129 S. Ct. 1710 (2009), the Supreme Court narrowed the scope of *Belton*. Because Doaks seeks a civil recovery from Officer Horn, under the doctrine of qualified immunity, Officer Horn would be entitled to rely on the broader pre-*Gant* scope of *Belton*, but even that ruling does not help him
(continued...)

-7-

Fourth, an officer may inventory the contents of a car, including its containers, once the government has lawfully taken custody of the car. See *Colorado v. Bertine*, 479 U.S. 367, 371-75 (1987) (finding that an officer may conduct a reasonable inventory search of a car, including containers in the car, in the government's custody without a warrant).

Even if the court gives Officer Horn the benefit of all conflicts in the evidence and reasonable inferences from the evidence, the undisputed facts show that none of those exceptions apply here. In reverse order, the search of the console was not an inventory search because Officer Horn had not taken lawful custody of Doaks' car. The search of the console was not a search incident to arrest under *New York v. Belton* because Officer Horn had not arrested Doaks when he searched the vehicle. (The results of the search cannot be used to justify the arrest when the arrest is used to justify the search. See *Sibron v. New York*, 392 U.S. 40, 63 (1968) ("It is axiomatic that an incident search may not precede an arrest and serve as part of its justification.").)

Officer Horn also did not have a reasonable, articulable suspicion of danger, let alone probable cause to believe that Doaks had contraband in his car. He had pulled Doaks over for a minor traffic violation. He had frisked Doaks and had found no weapons. Officer Horn's only justification for believing that Doaks might

---

[2](...continued)
based on the undisputed facts.

have had contraband or a weapon in his car was his testimony that, as he approached the car, he saw Doaks fumbling with the console. According to Officer Horn, based on his training and experience, "movements like that normally indicate that they're either retrieving something that may hurt me or they're hiding something that is illegal." Def. Ex. B at 14. But just as the phrase "officer safety" does not automatically render every action permissible, the phrase "training and experience" must be backed by substance.

While Officer Horn testified that Doaks' movements around the console caused him to call for back-up, his own actions were inconsistent with that concern and did not indicate that he believed that Doaks posed any actual danger. Rather than waiting for the back-up officer, Officer Horn walked right up to Doaks' window. Horn Dep. 27-28. Doaks had his driver's license ready to go and cooperated fully. *Id.* at 28-30. He stepped out of the car and allowed Office Horn to frisk him. Officer Horn found no weapons and no contraband. Unlike the situation in *Michigan v. Long* – where the officers pulled over a man who appeared intoxicated, had driven his car into a ditch, and had a large knife in plain view, see 463 U.S. at 1050-51 – Officer Horn had no objective indications here that Doaks posed any sort of danger to him or to anyone else. He had simply neglected to use his turn signal for a lane change. And by the time Officer Horn searched the car's interior, Doaks was out of the car, had already been frisked, and Horn knew that no weapons or contraband had been found.

Where there is no objective indication that a person poses a danger to himself or to anyone else, an officer's general reliance on training and experience will not save an unconstitutional action – particularly when the officer's own actions are inconsistent with the claimed suspicion of danger. See generally *United States v. Arvizu*, 534 U.S. 266, 273-74 (2002) (recognizing that although an officer may rely on his training and experience to make inferences that might elude an untrained person, the officer may not rely on a mere hunch); *Terry v. Ohio*, 392 U.S. 1, 14-15 (1968) (recognizing that the exclusionary rule does not alone provide protection from the "wholesale harassment by certain elements of the police community" and that courts must "guard against police conduct which is over-bearing or harassing, or which trenches upon personal security without the objective evidentiary justification which the Constitution requires"); *United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) ("Thus, the very officer whose reasonable suspicion, if extant, could have permitted a *Terry* stop acknowledged that he had no basis other than a hunch to suspect that Ienco and Iovine were the men he had been alerted to investigate.").

When Officer Horn searched the console of Doaks' car, the law that officers must have a reasonable suspicion of danger based on the evidence before them to search the passenger compartment of a car without a warrant had been clearly established for decades. See *Long*, 463 U.S. at 1049-51 (holding in 1983 that search of passenger compartment was permissible because the officers had a reasonable, articulable suspicion of danger); *Terry*, 392 U.S. at 22 (observing in

1968 that hunches or officers' good faith beliefs were insufficient to justify a stop, and noting that if "subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be secure in their persons, houses, papers and effects, only in the discretion of the police") (internal quotation marks omitted).  Officer Horn is not entitled to qualified immunity where no articulable fact reasonably supported any belief that Doaks presented a danger.  See generally *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (observing that an officer is not entitled to qualified immunity where "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted").[3]

The facts are undisputed.  The evidence shows that when Officer Horn, by the time he searched the car interior, was operating on only a hunch in believing that Doaks might pose any danger.  Officer Horn had already frisked Doaks, found nothing, and had removed Doaks from the car so that he could not reach anything that might have been hidden inside the car.  Based on the facts presented here, plaintiff Doaks is entitled to summary judgment on the issue of liability because Officer Horn violated his Fourth Amendment rights.  Doaks' motion for summary judgment is granted.  Officer Horn's motion is denied on the issue of liability, including qualified immunity.

---

[3] Doaks consented to the frisk and has not challenged the constitutionality of the frisk here.  See generally *Pennsylvania v. Mimms*, 434 U.S. 106, 110 n.5 (1977) ("The State does not, and need not, go so far as to suggest that an officer may frisk the occupants of any car stopped for a traffic violation.").

II.     *Punitive Damages*

Punitive damages are available under 42 U.S.C. § 1983 where an officer acted with "evil motive or intent" or with "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 54-56 (1983) (observing that "society has an interest in deterring and punishing *all* intentional or reckless invasions of the rights of others, even though it sometimes chooses not to impose any liability for lesser degrees of fault").  Officer Horn has also moved for summary judgment on the issue of punitive damages.  In considering this issue, the court shifts from the lens of Doaks' motion for summary judgment to the lens of Officer Horn's motion and views the evidence in the light reasonably most favorable to Doaks.  A jury could reasonably find here that Officer Horn disregarded a right that has been a part of the criminal justice system for decades. Under section 1983, a jury could award punitive damages on this record, though it would not be required to do so.  See generally *McKinley v. Trattles*, 732 F.2d 1320, 1327 (1984) (observing that no further evidence is needed to award punitive damages where evidence supporting finding of liability establishes reckless or callous disregard for plaintiff's rights).  The parties have addressed other issues regarding compensatory damages, but it is not necessary to decide them now. Those issues may be addressed at trial.

*Conclusion*

For the foregoing reasons, the court grants plaintiff's motion for summary judgment as to liability. The court denies Officer Horn's motion for summary judgment as to liability, the defense of qualified immunity, and the availability of punitive damages. The court will confer with counsel to set a new trial date as soon as practicable.

So ordered.

Date: August 28, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-14-

Copies to:

Eleanor Kristyne Finnell
OFFICE OF CORPORATION COUNSEL
efinnell@indygov.org,ekfinnell@aol.com

Tami R. Hart
LAW OFFICES OF LAWRENCE M. REUBEN
hart@reubenlaw.net

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Lawrence M. Reuben
LAW OFFICES OF LAWRENCE M. REUBEN
reuben@reubenlaw.net

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
awill@indygov.org